**ANN NICHOLSON HARALAMBIE, ATTORNEYS, P.C.**
3661 N. Campbell Avenue, #130
Tucson, Arizona 85719-1527
Telephone: 520/327-6287
Ann@Haralambie.com
Pima County Computer No. 23364
State Bar No. 4902

**McNORTON FOX PLLC**
Lisa C. McNorton
4400 E. Broadway #602
Tucson AZ 85711
(520) 327-3122
lisa@mcnortonfoxlaw.com
State Bar No. 019900

Attorneys for Petitioner

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bogdan Radu,<br><br>   Petitioner,<br><br>vs.<br><br>Persephone Johnson Shon,<br><br>   Respondent. | No.<br><br>VERIFIED PETITION FOR RETURN OF CHILDREN TO GERMANY AND REQUEST FOR ISSUANCE OF ORDER TO SHOW CAUSE |

  Bogdan Radu, a citizen of Romania and the United States, by and through his attorneys undersigned, petitions as follows:

JURISDICTION

I.

  This petition is brought pursuant to the Hague Convention on the Civil Aspects of International Child Abduction (Convention) and its implementing legislation, 42 U.S.C. §11603(a), the International Child Abduction Remedies Act (ICARA). The Convention was at all times relevant hereto in effect between the United States and Germany.

II.

  Petitioner is the father of and Respondent is the mother of O.S.R., born in

2013 in the United States and of M.S.R., born in 2016 in Germany.  Both children are dual citizens of the United States and Romania and residents of Germany.  At the time the children were taken to Arizona, Germany was the children's "state of habitual residence"within the meaning of the Convention. The parties were married to each other in California, United States in 2011. Under the laws of Germany, specifically Bürgerliches Gesetzbuch § 1626, German Civil Code Section 1626, both parents of a child have joint rights to the custody and control.  (See excerpt from Civil Code, attached hereto as Exhibit 1 and incorporated herein by reference.)

FACTUAL ALLEGATIONS

### III.

Petitioner and Respondent were married in  in California, United States in 2011. (See Marriage Certificate, attached hereto as Exhibit 2 and incorporated herein by reference). Their children were born respectively in 2013 in the United States and in 2016 in Germany. (See redacted birth certificates, attached hereto as Exhibits 3 and 4 and incorporated herein by reference.) Both parents and the children are permanent residents of Germany (See extended proof of residence attached hereto as Exhibit 5 and incorporated herein by reference.)

### IV.

Respondent took the children to Arizona with Petitioner's consent to visit her parents for two months from March 15, 2017 to May 15, 2017. In 2019 Respondent again wanted to take the children to visit her parents in Arizona for two months, to return August10, 2019, and Respondent consented. Both children attended kindergarten in Germany, and O.S.R. was scheduled to begin first grade in Germany in September 2020.  (See school letter regarding O.S.R., attached hereto as Exhibit 6 and incorporated herein by reference.)  Respondent and the

**Ann Nicholson Haralambie, Attorneys, P.C.**
3661 N. Campbell Avenue, #130
Tucson, Arizona 85719-1527
520/327-6287

children left Germany on June 10, 2019; however, they did not return, and Respondent has wrongfully retained them in the United States without Petitioner's consent. At the time the children left Germany Petitioner was exercising rights of custody.

V.

Shortly before August 10, 2019 Respondent sent Petitioner a message on Facebook Messenger without explanation stating that the children were enrolled in school in Arizona and would not be returning to Germany. Petitioner repeatedly attempted to contact Respondent through a variety of means and insisted that the children be returned to Germany. On September 15, 2019 Petitioner made a report with the Tucson Police Department indicating that the children were being wrongfully retained in Arizona and should be returned to Germany. (See redacted Tucson Police Department police record , attached hereto as Exhibit 7 and incorporated herein by reference.) On October 10, 2019 Petitioner contacted the children's school in Tucson, the International School, but was informed that the school would do nothing without an Arizona court order.  On December 19, 2019 Petitioner contacted the F.B.I. seeking assistance in having his children returned. He also contacted the American Citizen Services Unit at the U.S. General Consulate in Frankfurt, Germany to report the parental kidnapping. On January 12, 2020 Petitioner filed a formal application under the Convention with the German Federal Government, well within one year of the children's abduction. The German Central Authority forwarded the application, with pertinent attachments and translations, to the United States State Department, the Central Authority under the Convention. (Attached hereto as Exhibit 8 and incorporated herein by reference.)  The United States State Department sent Respondent a letter

3

requesting the voluntary return of the children to Germany (attached hereto as Exhibit 9 and incorporated herein by reference).  Respondent's attorney responded to that letter declining to return the children without litigation. (Attached hereto as Exhibit 10 and incorporated herein by reference).  Petitioner has filed this petition as quickly as reasonably possible since counsel has received the application and attachments from the United States State Department on May 29, 2020.

VI.

On September 9, 2019, Respondent filed a complaint for dissolution of marriage and petition for temporary orders seeking temporary custody in the Pima County, Arizona, Superior Court, docket number D20192814. Service has not been accomplished. Petitioner has filed in Germany for the right to determine the children's residence,[1] in the General Court of Pirmasens Family Division, case number 1 F 189/20.

VII.

Under German law Petitioner has a right of custody within the meaning of Articles 3 and 5 of the Hague Convention. At the time of the wrongful retention Petitioner was exercising his custodial rights within the meaning of Article 3 of the Convention. Within the meaning of Article 3 of the Convention, Germany was the "state of habitual residence" of the children at all times immediately before removal of the child in June 2019.

- - - -

- - - -

---

[1] Similar to being designated as the residential parent in the United States while still maintaining joint legal custody.

4

HAGUE CONVENTION REQUIREMENTS AND REMEDIES

VIII.

The Convention covers both pre- and post-decree international moves of children so long as one parent continues to reside in the state of habitual residence. See also 42 U.S.C. §11603(f)(2). Because Petitioner continues to reside in Germany (although he is currently in Romania visiting his parents, unable to currently return to Germany until June 15, 2020, because of the COVID-19 restrictions), the Convention applies.

IX.

Under the Convention the removal or retention of a child is considered to be wrongful where it is in breach of the rights of custody attributed to a person under the laws of the country in which the child was habitually resident either immediately before the removal or retention, and where at the time of the removal or retention, those rights were actually exercised or would have been exercised but for the wrongful removal or retention. Article 3. Rights of custody include the right to determine the child's place of residence. Article 5(a). 42 U.S.C. §11603(e)(1) provides that Petitioner has the burden of proving wrongful removal or retention of the child.

Article 13 of the Convention places the burden of proof on the person attempting to show that the parent was not actually exercising custody rights. *See also*, E. Perez-Vera, *Explanatory Report,* HAGUE CONFERENCE ON PRIVATE INTERNATIONAL LAW, ACTES DE DOCUMENTS DE LA QUATORZIEME SESSION, vol. III, ¶73, p. 449 (1980). 42 U.S.C. §11603(e)(2) provides that the Respondent has the burden of proving any of the Convention's exceptions.

As of June 10, 2019, Respondent wrongfully retained the children from

5

their state of habitual residence within the meaning of Article 3 of the Convention and continues to wrongfully retain them in the United States despite requests by Petitioner and the United States State Department to have the children returned.

X.

Because this action was commenced within one year from the date of the wrongful retention, and because the children are both under the age of sixteen years, Article 12 of the Convention requires the return of the children to Germany, in the absence of a specific exception. Article 16 bars the court from considering the merits of the custody issue unless and until the court determines that the children need not be returned to the state of habitual residence pursuant to the Convention.

XI.

42 U.S.C.A. §11607(3) provides that any court ordering the return of a child pursuant to an action brought under §11603 "shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate." Therefore, Petitioner is entitled to his reasonable costs and fees related to this matter.

WHEREFORE, Petitioner requests that this Court issue an order to show cause for Respondent to return the children or allow Petitioner to return the children to Germany forthwith.

Further, pursuant to ICARA, Petitioner requests that the Court award to Petitioner his reasonable attorneys' fees, court costs, and all necessary recoverable expenses herein.

**Ann Nicholson Haralambie, Attorneys, P.C.**
3661 N. Campbell Avenue, #130
Tucson, Arizona 85719-1527
520/327-6287

Dated: June 8, 2020.

                                    ANN NICHOLSON HARALAMBIE, ATTORNEYS, P.C.

                                    McNORTON FOX PLLC
                                    Attorneys for Petitioner

                                  By:    s/ Ann M. Haralambie

**VERIFICATION**

PURSUANT TO 28 U.S.C.A. §1746, I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON JUNE __8__, 2020.

_/s/ Bogdan Radu_
BOGDAN RADU
Petitioner