**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bogdan Radu, | No. CV-20-00246-TUC-RM |
| Petitioner, | **ORDER** |
| v. | |
| Persephone Johnson Shon, | |
| Respondent. | |

In an Order filed on September 17, 2020, this Court granted Petitioner Bogdan Radu's Petition for Return of Children to Germany pursuant to the Hague Convention on the Civil Aspects of International Child Abduction ("Hague Convention"), and ordered that minor children O.S.R. and M.S.R. be returned to Germany in the custody of Respondent Persephone Shon until a custody determination can be made by a German court of competent jurisdiction. (Doc. 26.) Respondent filed an appeal of the Court's Order in the Ninth Circuit Court of Appeals. (Doc. 36.) Briefing and calendaring of the appeal has been expedited. *See Radu v. Shon*, No. 20-17022 (9th Cir. Nov. 6, 2020).

Pending before the Court is Respondent Persephone Johnson Shon's Motion to Stay Return Order Pending Appeal. (Doc. 40.)[1] Respondent asks that the Court's September 17, 2020 Order be stayed pending resolution of her appeal, arguing that she has shown a likelihood of success on the merits of the appeal, that she and the minor children will suffer irreparable injury absent a stay, that there will be no substantial injury

---

[1] Also pending is Petitioner Bogdan Radu's Motion for Attorney's Fees and Costs (Doc. 30), which will be resolved separately.

to Petitioner by the issuance of a short stay until the expedited appeal is concluded, and that the public interest will be served by issuance of a stay. (*Id.* at 7-12.) The Court issued a temporary stay pending its resolution of the Motion. (Doc. 41.) Thereafter, Petitioner filed a Response in opposition (Doc. 42), and Respondent filed a Reply (Doc. 43). Petitioner argues that there is no legal or factual basis for Respondent's appeal of this Court's September 17, 2020 Order, that Respondent's wrongful actions should not be further prolonged, that Respondent made no good-faith effort to comply with the Court's Order, and that Respondent requested a stay of the Order after the deadline for making travel arrangements for the return of the children had expired. (Doc. 42 at 4-5.) Petitioner argues that, if the Court does grant a stay, it should order Respondent to post a bond to cover an attorney's fee award, his reasonably anticipated costs on appeal, and the cost of securing the children's return. (*Id.* at 5.) In Reply, Respondent argues that a bond is not permitted under Article 22 of the Hague Convention. (Doc. 43.)

In considering whether to stay a return order in a Hague Convention case, courts consider the traditional stay factors: "(1) whether the stay applicant has made a strong showing that [s]he is likely to succeed on the merits; (2) whether the applicant will be irreparably inured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Chafin v. Chafin*, 586 U.S. 165, 179 (2013). With respect to the first factor, Respondent's Motion to Stay raises concerns regarding the logistics of returning O.S.R. and M.S.R. to Germany, given the COVID-19 pandemic and the lapse of Respondent's German resident permit. (Doc. 40 at 3-4 n. 2-3.) However, the Court's September 17, 2020 Order invited the parties to request a further hearing concerning the logistics of the children's return, and Respondent failed to do so. Respondent also did not request reconsideration of the Court's September 17, 2020 Order on the basis of any of her factual concerns regarding the logistics of the children's return. Furthermore, Respondent filed her Motion to Stay after expiration of the Court's deadline for making travel arrangements for the children's return, she has not explained her delay, and she has

not shown that she made any good-faith efforts to comply with the Court's Order before requesting a stay.

Despite these concerns, the Court finds that Respondent has sufficiently shown a likelihood of success on the merits of her appeal. *See Leiva-Perez v. Holder*, 640 F.3d 962, 966-68 (9th Cir. 2011) (per curiam) ("to justify a stay," a litigant "need not demonstrate that it is more likely than not that [she] will win on the merits" but instead need show only that "she has a substantial case for relief on the merits"). The Court's September 17, 2020 Order found a grave risk of psychological harm under Article 13(b) of the Hague Convention but concluded that the risk could be avoided by requiring that O.S.R. and M.S.R. be returned to Germany in Respondent's custody. Case law offers only minimal guidance regarding how to properly craft remedies allowing for a child's return under the Hague Convention while avoiding a grave risk of harm under Article 13(b). Given the scant case law, the Court finds that the first factor—the likelihood of Respondent's success on the merits of her appeal—weighs in favor of a stay.

The second factor also weighs in favor of a stay, given the potential harm to Respondent and the children of being required to return to Germany while the expedited appeal is pending. With respect to the fourth factor, the public interest favors the prompt return of wrongfully removed children, but it also favors safeguarding the well-being of children. Although O.S.R. and M.S.R. were wrongfully removed from Germany, they are currently in a safe, stable living situation in Tucson, Arizona; their return to Germany during the pendency of Respondent's appeal would disrupt that living situation and interrupt their school year. *See Chafin*, 568 U.S. at 178 ("shuttling children back and forth . . . across international borders may be detrimental to those children.") Accordingly, the Court finds that the fourth factor weighs in favor of a stay. In considering the third factor, the Court does not take lightly the injury to Petitioner of further delay in seeing his children; however, that injury does not outweigh the other factors in light of the fact that Respondent's appeal has been expedited. The Court will grant Respondent's Motion to Stay.

The Court rejects Petitioner's request that Respondent be ordered to post a bond. Article 22 of the Hague Convention states: "No security, bond or deposit, however described, shall be required to guarantee the payment of costs and expenses in the judicial or administrative proceedings falling within the scope of this Convention." Courts have recognized that Article 22 prohibits imposition of bonds to secure the payment of costs and expenses, including attorney's fees, in Hague Convention cases. *See, e.g.*, *Patrick v. Rivera-Lopez*, 708 F.3d 15, 23 (1st Cir. 2013); *Souratgar v. Fair*, No. 12 CIV. 7797(PKC), 2013 WL 705923, at *1 (S.D.N.Y. Feb. 22, 2013).

Accordingly,

**IT IS ORDERED** that Respondent's Motion to Stay Return Order Pending Appeal (Doc. 40) is **granted**. The Court's September 17, 2020 Order (Doc. 26) is **stayed** pending resolution of Respondent's appeal.

Dated this 16th day of November, 2020.

_____
Honorable Rosemary Márquez
United States District Judge