**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bogdan Radu, | No. CV-20-00246-TUC-RM |
| Petitioner, | **ORDER** |
| v. | |
| Persephone Johnson Shon, | |
| Respondent. | |

Pending before the Court is Petitioner Bogdan Radu's Motion for Attorney's Fees and Costs. (Doc. 30.) Respondent Persephone Johnson Shon filed a Response (Doc. 39), and Petitioner filed a Reply (Doc. 42). For the following reasons, the Motion for Attorney's Fees will be denied.

**I.     Background**

On June 8, 2020, Petitioner filed a Verified Petition for Return of Children to Germany ("Petition") (Doc. 1), brought pursuant to the Hague Convention on the Civil Aspects of International Child Abduction ("the Convention") and its implementing legislation, the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001, *et seq.* (formerly 42 U.S.C. § 11601, *et seq.*). Respondent filed an Answer to the Petition. (Doc. 12.) The Court held an evidentiary hearing on July 29, 2020 and August 26-27, 2020. (Docs. 15, 21, 22.) On September 17, 2020, the Court granted the Petition but ordered the return of minor children O.S.R. and M.S.R. to Germany in the temporary custody of Respondent in order to mitigate a grave risk of psychological harm to the

children. (Doc. 26.) In finding a grave risk of psychological harm, the Court noted that the evidence presented at the evidentiary hearing supports a finding that Petitioner had an "explosive temper" and "behaved in ways that could be characterized as psychologically or emotionally abusive," including yelling at Respondent and the children and using "inappropriate, degrading, and/or derogatory language." (*Id.* at 5.) The Court also discussed evidence that Petitioner once slapped O.S.R. and that he threw objects and banged his fists on tables and/or doors when angry. (*Id.*)

Respondent appealed the Court's September 17, 2020 Order (Doc. 36), and this Court subsequently stayed the Order pending resolution of Respondent's appeal (Doc. 41).[1]

## II. Motion for Attorney's Fees and Costs

Petitioner requests attorney's fees totaling $32,578.36, including $20,400.00 for attorney Ann Haralambie, $6,515.00 for attorney Lisa McNorton, and $5,663.36 (€4,840.48) for attorney Monica Hansen. (Doc. 30.) In addition, Petitioner requests $58.50 in non-taxable costs for the expense incurred in obtaining an official translation of German documents submitted as part of this case. (*Id.*) Petitioner argues that he is entitled to an award of fees and costs pursuant to 22 U.S.C. § 9007; that the requested award is reasonable; and that it is appropriate to award fees for the work of pro bono attorney McNorton and foreign counsel Hansen. (Doc. 31.) In support of his requested fee award, Petitioner submits the retainer agreements of attorneys Haralambie and Hansen (*id.* at 12-14, 16-18), billing statements and affidavits from attorneys Haralambie, McNorton, and Hansen (*id.* at 20-33, 35-38, 40-50, 53-55, 69-71, 73-74), and the resume of attorney Haralambie (*id.* at 57-67).

Respondent asks the Court to deny or drastically reduce the requested award. (Doc. 39.) Respondent argues that the requested award is "clearly inappropriate, unjust and inequitable" because (1) the award would interfere with Respondent's ability to care

---

[1] The filing of a notice of appeal from a decision on the merits does not divest a district court of jurisdiction to decide a motion for attorney's fees. *Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983).

for O.S.R. and M.S.R., given her limited financial means; (2) Petitioner has provided little to no financial support for O.S.R. and M.S.R. in years; and (3) the risk of future abuse from Petitioner "would be magnified should Respondent become financially indebted" to him.  (Doc. 39 at 1-2, 6-14.)  Respondent also argues that there is "some question" as to whether Petitioner truly prevailed in this action (*id.* at 15), and that the claimed fees are "startlingly high considering the relatively straightforward nature of this proceeding and how quickly it was resolved" (*id.* at 2; *see also id.* at 14-15, 23-24).

### A. Applicable Law

Article 26 of the Convention provides that, upon ordering the return of a child, the Court "may, where appropriate, direct the person who removed or retained the child . . . to pay necessary expenses incurred by or on behalf of the applicant . . . ."  Similarly, ICARA provides that a court ordering the return of a child under the Convention "shall order the respondent to pay necessary expenses incurred by the petitioner, including . . . legal fees . . . unless the respondent establishes that such order would be clearly inappropriate."  22 U.S.C. § 9007(b)(3).  The fact that a petitioner's lawyers provided services pro bono does not make a fee award inappropriate.  *Cuellar v. Joyce*, 603 F.3d 1142, 1143 (9th Cir. 2010).  Courts are divided on whether a petitioner may recover fees incurred by a foreign attorney who was not an attorney of record in the case at hand.  *Compare Freier v. Freier*, 985 F. Supp. 710, 713-14 (E.D. Mich. 1997) (declining to award fees and costs incurred by a foreign attorney who did not represent the petitioner in the action but wrote a letter concerning Israeli law which was submitted to the court), *with Distler v. Distler*, 26 F. Supp. 2d 723, 728 (D.N.J. 1998) (awarding fees to foreign attorney who advised the petitioner on her rights under the Convention, helped her retain counsel in the United States, prepared a legal opinion, and assembled affidavits for potential use in the case).

In determining whether an award of fees would be "clearly inappropriate," courts consider the reasonableness of the respondent's basis for removing the children.  *See Ozaltin v. Ozaltin*, 708 F.3d 355, 375-78 (2d Cir. 2013) (finding award should be reduced

because respondent had a "reasonable basis for thinking that she could remove the children"); *Mendoza v. Silva*, 987 F. Supp. 2d 910, 916-17 (N.D. Iowa 2014) (denying fee award in part because case was "very close" on the merits).  Courts also consider the financial circumstances of the respondent and whether an award of fees would interfere with the respondent's ability to care for the minor children. *See Whallon v. Lynn*, 356 F.3d 138, 140 (1st Cir. 2004) ("preserving the ability of a respondent to care for her children is an important factor to consider"); *Rydder v. Rydder*, 49 F.3d 369, 373-74 (8th Cir. 1995) (reducing award of fees and costs in light of the respondent's "straitened financial circumstances"); *see also Mendoza*, 987 F. Supp. 2d at 917 (declining to award attorney's fees where an award would interfere with the respondent's ability to provide support to children given the respondent's financial circumstances); *Rehder v. Rehder*, No. C14–1242RAJ, 2015 WL 4624030, at *4 (W.D. Wa. Aug. 3, 2015) (same); *Lyon v. Moreland-Lyon*, No. 12-2176-JTM, 2012 WL 5384558, at *2-3 (D. Kan. Nov. 1, 2012) (same).  Furthermore, courts consider whether the prevailing party has financially neglected the children or been physical or mentally abusive. *See Silverman v. Silverman*, No. 00-2274 JRT, 2004 WL 2066778, at *4 (D. Minn. Aug. 26, 2004).  Courts in the District of Arizona have declined to award attorneys' fees based on the limited financial means of the respondent and the abuse and financial neglect of the petitioner. *See von Meer v. Hoselton*, No. CV-18-00542-PHX-JJT (D. Ariz. Mar. 14, 2019) (declining to award fees given the respondent's limited financial means); *Aguilera v. De Lara*, No. CV-14-01209-PHX-DGC (D. Ariz. Aug. 25, 2014) (declining to award fees given the respondent's limited financial means, the petitioner's occasional violent behavior, and the petitioner's failure to provide regular financial support to minor child).

**B. Discussion**

The Court finds that an award of attorney's fees under 22 U.S.C. § 9007(b)(3) would be "clearly inappropriate" for several reasons.  As an initial matter, the Court notes that, although Petitioner is the prevailing party in this action, his success was only partial.  Respondent prevailed in establishing by clear and convincing evidence that, due to

Petitioner's history of abusive behavior, returning O.S.R. and M.S.R. to Germany in Petitioner's custody would pose a grave risk of psychological harm under Article 13(b) of the Convention; the Court granted the Petition and ordered the children's return only because the grave risk of psychological harm could be remedied by requiring that the children be returned in the temporary custody of Respondent. Petitioner is eligible for a fee award because the Court ordered the children's return, but the propriety of a large award is questionable given that Respondent prevailed on an important issue in this case. *See Ozaltin*, 708 F.3d 355 at 375-78; *Mendoza*, 987 F. Supp. 2d at 916-17.

More importantly, an award of fees could interfere with Respondent's ability to care for O.S.R. and M.S.R., given her limited financial means. Respondent is the primary caregiver of the children, and she avers that she earns only $14.30 per hour and has been restricted in her capacity to work due to the COVID-19 pandemic. (Doc. 39-1 at 2.) Furthermore, she expects to incur thousands of dollars in expenses returning the children to Germany,[2] and she does not expect to be able to obtain employment in that country, given the lapse of her German resident status and her prior inability to find employment there. (*Id.* at 3-4.) Petitioner argues in reply that a respondent's limited financial means should not warrant a denial of fees (Doc. 42 at 2), but his argument is belayed by courts' routine consideration of a respondent's financial circumstances in evaluating the propriety of a fee award under 22 U.S.C. § 9007. *See, e.g.*, *Rydder*, 49 F.3d at 373-74; *Lyon*, 2012 WL 5384558, at *2-3; *see also Silverman*, 2004 WL 2066778, at *4 ("The ability to care for dependents is well-established as an important consideration in awards of fees and costs in Hague Convention cases.").[3]

---

[2] Petitioner urges the Court to disregard Respondent's averments concerning the anticipated costs of returning the children to Germany because those costs were not addressed at the evidentiary hearing held on July 29, 2020 and August 26-27, 2020. (Doc. 42 at 3-4.) However, Petitioner cites no legal authority to support his position that it is improper for this Court to consider averments made in a sworn affidavit.

[3] Petitioner also argues that that there is no reason to believe that an award of fees would impair Respondent's ability to care for O.S.R. and M.S.R., given Respondent's parents' history of financially assisting her and the children. (Doc. 42 at 4.) But Petitioner does not cite any case which analyzed the financial resources of a respondent's family members, versus the financial resources of the respondent herself, in determining whether a fee award was clearly inappropriate under 22 U.S.C. § 9007. Furthermore, there is insufficient record evidence concerning whether Respondent's parents will be willing and

Petitioner's financial neglect of the minor children further warrants the denial of a fee award. *See, e.g.*, *Silverman*, 2004 WL 2066778, at *4. Respondent avers that Petitioner has not provided financial support in four years. (Doc. 39-1 at 3.) Petitioner urges the Court to disregard that averment because child support payments were not addressed at the evidentiary hearing held on July 29, 2020 and August 26-27, 2020. (Doc. 42 at 3-4.) However, Petitioner cites no legal authority indicating that it is improper for this Court to consider the averments in Respondent's sworn affidavit. Petitioner could have submitted a controverting affidavit but failed to do so.

Finally, Petitioner's history of psychologically and emotionally abusive behavior also supports the Court's conclusion that an award of fees would be clearly inappropriate. The legal costs in this case could have been reduced or avoided entirely if not for the enmity between Petitioner and Respondent, and Petitioner bears the greatest responsibility for that enmity given his history of abusive behavior. *See Silverman*, 2004 WL 2066778, at *4 (considering which party is primarily responsible for the parties' enmity where that enmity was "in large part responsible for the legal costs" in the case) (internal quotation marks omitted).

Because the Court finds that an award of fees would be clearly inappropriate in this case, it does not reach the parties' arguments concerning the reasonableness of Petitioner's requested fee award or the propriety of awarding fees for the work of pro bono and/or foreign counsel.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

able to continue to assist her and the children financially in the future.

**IT IS ORDERED** that Petitioner's Motion for Attorney's Fees and Costs (Doc. 30) is **denied**.

Dated this 19th day of March, 2021.

_____
Honorable Rosemary Márquez
United States District Judge