**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bogdan Radu,<br><br>            Petitioner,<br><br>v.<br><br>Persephone Johnson Shon,<br><br>            Respondent. | No. CV-20-00246-TUC-RM<br><br>**ORDER** |

On December 30, 2021, this Court granted Petitioner Bogdan Radu's Petition for Return of Children to Germany ("Petition") and ordered Respondent Persephone Johnson Shon to return minor children O.S.R. and M.S.R. to Germany within thirty days. (Doc. 77.) Respondent appealed (Doc. 78), and the Ninth Circuit Court of Appeals remanded for this Court to reconsider its ruling in light of *Golan v. Saada*, __ U.S. __, 142 S. Ct. 1880 (2022). (Doc. 99; *see also* Docs. 105, 110, 111.) At this Court's request, the parties submitted supplemental briefs regarding the impact of *Golan*. (Docs. 107, 109; *see also* Doc. 102.)

Also pending before the Court is Petitioner's pro se Motion for Criminal Prosecution Referral (Doc. 101), which Respondent opposes (Doc. 108).

### I. Procedural History

On June 8, 2020, Petitioner filed his Petition pursuant to the Hague Convention on the Civil Aspects of International Child Abduction ("Convention") and its implementing legislation, the International Child Abduction Remedies Act, 42 U.S.C. § 9001, *et seq.*

(Doc. 1.) The Court held a three-day evidentiary hearing on July 29, 2020 and August 26-27, 2020. (Docs. 15, 21-22.) On September 17, 2020, the Court issued an Order granting the Petition and ordering the return of minor children O.S.R. and M.S.R. to Germany. (Doc. 26.) The Court found, under Article 13(b) of the Convention, that the children would be at grave risk of psychological harm if returned to Germany in the custody of Petitioner, but it further found that such harm could be mitigated by ordering that the children be returned in the temporary custody of Respondent. (*Id.* at 5-6.)

On August 31, 2021, the Ninth Circuit vacated and remanded for this Court "to reasonably ensure compliance with its alternative remedy in Germany." (Doc. 51-1 at 4.) This Court held a further evidentiary hearing on November 3, 2021 and November 9, 2021 (Docs. 63, 67), and contacted the United States Department of State for assistance. On December 30, 2021, this Court again ordered Respondent to return O.S.R. and M.S.R. to Germany. (Doc. 77.) The Court recognized that this is "a borderline case whether an Article 13(b) finding is warranted." (*Id.* at 6 (internal quotation marks omitted).) The Court further found that the alternative remedy of ordering Respondent to return with O.S.R. and M.S.R. to Germany would ameliorate the risk of psychological harm to O.S.R. and M.S.R. given the unique circumstances of this case, including Germany's child protection services (*see* Doc. 58 at 2), the ability of a German court to prioritize child custody matters for expedited processing pursuant to Section 155 of the Act on Proceedings in Family Matters and Matters of Non-Contentious Jurisdiction, Respondent's joint custody rights under German law, Respondent's ability to stay in Germany for at least three months, and Petitioner's commitment to paying, if necessary, for the airfare of O.S.R. and M.S.R., as well as rent for a separate residence for Respondent and the children until a German court makes a custody determination. (*Id.* at 7-8.)

**II.**   *Golan v. Saada*

On June 15, 2022, the United States Supreme Court issued *Golan*, holding that "consideration of ameliorative measures" after an Article 13(b) finding is not required

under the Convention but, rather, "is within a district court's discretion." 142 S. Ct. at 1893. The Supreme Court also clarified that a district court's consideration of ameliorative measures (1) "must prioritize the child's physical and psychological safety," (2) must "not usurp the role of the court that will adjudicate the underlying custody dispute," and (3) "must accord with the Convention's requirement that the courts act expeditiously in proceedings for the return of children." *Id.* at 1893-94 (internal quotation marks omitted). "[A] district court reasonably may decline to consider ameliorative measures that have not been raised by the parties, are unworkable, draw the court into determinations properly resolved in custodial proceedings, or risk overly prolonging return proceedings." *Id.* at 1895.

### III. The Parties' Supplemental Briefs

Petitioner argues that *Golan* should not affect the outcome of this case, since district courts are still permitted to consider ameliorative measures and the ameliorative measure ordered by this Court meets the requirements outlined in *Golan*. (Doc. 107; Doc. 107-1.)

Respondent argues that this Court should order a further evidentiary hearing on grave risk and ameliorative measures. (Doc. 109.) Respondent argues that a further evidentiary hearing is necessary for this Court to assess ameliorative measures under the proper legal standard and for this Court to assess grave risk based on the current physical and psychological safety of O.S.R. and M.S.R. (*Id.* at 7-8.)

### IV. Discussion

The Court, in its discretion, finds that consideration of ameliorative measures is appropriate in this case. The Court further finds that the ameliorative measure set forth in its December 30, 2021 Order—namely, that Respondent return with O.S.R. and M.S.R. to Germany—satisfies the requirements outlined in *Golan*. The Order complies with the Convention's requirement that courts act expeditiously in proceedings for the return of children, and it avoids usurping the role of the German courts in adjudicating the parties' underlying custody dispute. Ordering Respondent to return to Germany with the children

is workable for the reasons discussed in the December 30, 2021 Order, and the Ninth Circuit has held that a district court has discretion to order the relocation of an abducting parent (or a responsible family member) if doing so "can help alleviate any grave risk of harm from repatriation of the kids." *Radu v. Shon*, 11 F.4th 1080, 1090 (9th Cir. 2021), *judgment vacated on other grounds by Shon v. Radu*, __ S. Ct. __, 2022 WL 2295109 (2022). Finally, the ameliorative measure of requiring Respondent to return with the children to Germany appropriately prioritizes the physical and psychological safety of O.S.R. and M.S.R. The Court has already found that Respondent failed to show that O.S.R. and M.S.R. would be at grave risk of physical harm if returned to Germany. (Doc. 26 at 5.) The Court found that the children would be at grave risk of psychological harm if returned to Germany in the sole custody of Petitioner (*id.*), but the Court has also found that this is a borderline Article 13(b) case and that ordering Respondent to return with the children to Germany, where Petitioner and Respondent currently have joint custody rights, would ameliorate any risk of psychological harm to the children (Doc. 77 at 8). The Court notes that Petitioner's testimony at the evidentiary hearings in this case has been credible—more credible than Respondent's—and that Petitioner has complied with this Court's Orders throughout these proceedings.

The Court finds that a further evidentiary hearing would only unnecessarily prolong these proceedings, thereby violating the Convention's requirement that this Court act expeditiously. The Court's grave-risk finding was based on evidence concerning Petitioner's treatment of O.S.R. and M.S.R. (Doc. 26 at 5.) Respondent has not provided any indication that Petitioner has had any contact with O.S.R. and M.S.R. since the Court made its grave-risk finding or that current circumstances would support a different conclusion concerning Petitioner's treatment of O.S.R. and M.S.R. In support of her request for a further evidentiary hearing, Respondent cites to *Blondin v. DuBois*, a case in which the Second Circuit Court of Appeals held that the fact that a child is settled in his or her new environment may be considered as "part of a broader analysis of whether repatriation will create a grave risk of harm" under Article 13(b). 238 F.3d 153, 164 (2d

Cir. 2001), *abrogated on other grounds by Golan*, 142 S. Ct. 1880.  But *Blondin* is not binding precedent, and the Ninth Circuit Court of Appeals has held that "[t]he fact that a child has grown accustomed to her new home is never a valid concern under the grave risk exception, as it is the *abduction* that causes the pangs of subsequent return." *Cuellar v. Joyce*, 596 F.3d 505, 511 (9th Cir. 2010) (internal quotation marks omitted; emphasis in original).

### V. Petitioner's Motion for Criminal Prosecution Referral

In his pro se Motion for Criminal Prosecution Referral, Petitioner asks that this Court refer Respondent, as well as her legal representative, attorneys, and family members, for criminal prosecution regarding leaks of United States government data and the abduction of O.S.R. and M.S.R.  (Doc. 101.)  Respondent denies the factual allegations in Petitioner's Motion and argues that there is no basis for the relief that Petitioner requests.  (Doc. 108.)

Petitioner has failed to show that this Court has any authority to grant the relief requested in his pro se Motion and, therefore, the Motion will be denied.

**IT IS ORDERED** that Petitioner's pro se Motion for Criminal Prosecution Referral (Doc. 101) is **denied**.

**IT IS FURTHER ORDERED** that the Petition (Doc. 1) is **granted**.  Respondent Persephone Johnson Shon shall return with minor children O.S.R. and M.S.R. to Germany within **thirty (30) days** of the date this Order is filed.  The Clerk of Court is directed to enter judgment accordingly and close this case.

Dated this 19th day of August, 2022.

_____
Honorable Rosemary Márquez
United States District Judge