**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bogdan Radu,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Persephone Johnson Shon,<br><br>　　　　　Respondent. | No. CV-20-00246-TUC-RM<br><br>**ORDER** |

On August 22, 2022, this Court granted Petitioner Bogdan Radu's Petition for Return of Children to Germany pursuant to the Hague Convention on the Civil Aspects of International Child Abduction, and ordered Respondent Persephone Johnson Shon to return minors M.S.R. and O.S.R. to Germany. (Doc. 112 ("Return Order").) Respondent filed a Notice of Appeal (Doc. 114), and the Court temporarily stayed the Return Order pending the Ninth Circuit Court of Appeals' resolution of a motion to stay filed in that Court (Doc. 120).

On March 13, 2023, the Ninth Circuit Court of Appeals filed a decision affirming this Court's Return Order and denying as moot Respondent's motion to stay the Return Order. (Doc. 126-1.) The Ninth Circuit issued its mandate on April 4, 2023. (Doc. 126.)

On March 15, 2023 and April 4, 2023, Respondent filed Status Reports in which she asks this Court to keep its temporary stay of the Return Order in place until the United States Supreme Court rules on an application for a stay. (Docs. 124, 125.)

In considering whether to stay a return order in a Hague Convention case, courts

consider the traditional stay factors: "(1) whether the stay applicant has made a strong showing that [s]he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Chafin v. Chafin*, 568 U.S. 165, 179 (2013).

The Court does not find that the above factors weigh in favor of continuing a stay of the Return Order. Although Respondent may suffer some hardship as a result of being required to return to Germany with O.S.R. and M.S.R., that potential hardship does not outweigh the other factors, all of which favor lifting the stay. First, Respondent has not shown a likelihood of success on the merits of a petition for writ of certiorari filed in the United States Supreme Court. Second, the public interest favors the prompt return of wrongfully removed children, *see Chafin*, 586 U.S. at 178, and this case has already been pending for nearly three years. Finally, continuation of the stay would substantially injure Petitioner, who has joint custody rights with Respondent under German law but has been unable to see his children for years due to Respondent's conduct.

Accordingly,

**IT IS ORDERED** that the temporary stay (Doc. 120) of the Court's Return Order is **lifted**. Respondent Persephone Johnson Shon shall return with minor children O.S.R. and M.S.R. to Germany within **sixty (60) days** of the date this Order is filed.

Dated this 6th day of April, 2023.

_____
Honorable Rosemary Márquez
United States District Judge